IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMY G.,[1] | : |
| | : |
| **Plaintiff,** | : |
| | : Case No. 2:24-cv-01151 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| **COMMISSIONER OF THE SOCIAL** | : |
| **SECURITY ADMINISTRATION,** | : Magistrate Judge Caroline H. Gentry |
| | : |
| | : |
| **Defendant.** | : |

## OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 11) and Plaintiff Amy G.'s objection thereto. (ECF No. 12). For the reasons set forth below, this Court OVERRULES Plaintiff's objection (ECF No. 12), ADOPTS the R&R (ECF No. 11), and AFFIRMS the decision of the Commissioner of the Social Security Administration ("Commissioner").

## I. BACKGROUND

On January 25, 2022, Plaintiff applied for disability insurance benefits, for a period of disability beginning on October 15, 2015. (ECF No. 7 at 18). Plaintiff's application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held in February 2023. (ECF No. 7 at 16). Prior to the hearing, Plaintiff amended the alleged onset of the disability from October 2015 to September 9, 2020. (ECF No. 7 at 18 & n.1) (explaining that Plaintiff's 2022 application "alleg[es] disability beginning October

---

[1] See S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

15, 2015," but noting that "the claimant by and through her attorney, prior to hearing, in writing, amended the alleged onset date to September 9, 2020," and submitting that "[t]he undersigned accepts this amended alleged onset date."). In April 2023, the ALJ issued a decision concluding that Plaintiff was "not under a disability, as defined in the Social Security Act, at any time from September 9, 2020, the amended alleged onset date, through December 31, 2020, the date last insured." (*Id.* at 40). Plaintiff appealed the decision, and the Appeals Council denied Plaintiff's request for review on January 16, 2024. (*Id.* at 1). The denial meant that the ALJ's decision became the final decision of the Commissioner. (*Id.* at 1–7).

On March 14, 2024, Plaintiff filed this action, seeking review of the Commissioner's decision. (ECF No. 6). On May 8, 2024, the Commissioner filed the administrative record. (ECF No. 7). On June 24, 2024, Plaintiff filed her Statement of Errors, seeking reversal of the Commissioner's decision on the ground that the ALJ did not properly consider the medical opinions of Plaintiff's primary care physician, Dr. Jeffrey Haggenjos, who completed a Treating Primary Care Provider Statement form in August 2022; and the Certified Nurse Practitioner, Ms. Sharon Lyon-Paul, who provided mental health pharmacological management services to Plaintiff at Allwell Behavioral Health Services beginning in September 2020. (ECF No. 8 at 10–20).

On February 11, 2025, the Magistrate Judge issued her R&R (ECF No. 11), recommending that this Court overrule Plaintiff's Statement of Errors (ECF No. 12) and affirm the Commissioner's decision. Plaintiff objected to the R&R, asserting again that the ALJ did not properly "consider the level of support provided by [Nurse] Lyon-Paul in support of her opinions, or analyze that support in any way during the evaluation of [Nurse] Lyon-Paul's opinions . . . ." (ECF No. 12 at 2–3). On February 26, 2024, the Commissioner responded to Plaintiff's objection. (ECF No. 13). The matter is now ripe for review.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), where a party has objected to portions of a Magistrate Judge's Report and Recommendation, district courts review those portions *de novo*. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023).

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). Judicial review of the Commissioner's decision, as reflected in the decision of the ALJ, is limited to whether the Commissioner made findings that are not supported by substantial evidence. See 42 U.S.C. § 405(g). Under the substantial-evidence standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). As the Supreme Court explained, "the threshold for such evidentiary sufficiency is not high." *Id*. While it requires "more than a mere scintilla" of evidence, "substantial evidence 'means only . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (quoting *Biestek*, 587 U.S. at 102–03).

Even if the substantial evidence standard is met, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of*

3

*Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). This is because "[a]n ALJ's failure to follow an agency's rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified on the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

### III. LAW & ANALYSIS

Plaintiff's sole objection to the R&R is the same one raised in her Statement of Specific Errors: that the ALJ failed to evaluate properly the medical opinions of Dr. Haggenjos and Nurse Lyon-Paul, in violation of 20 C.F.R. § 404.1520c. (ECF No. 12 at 2–3). That regulation, which dictates how medical opinions are evaluated in Social Security cases, mandates that medical opinion be examined for both "supportability" and "consistency." 20 C.F.R. § 404.1520C(c)(1), (2). In assessing these factors, the ALJ found that Nurse Lyon-Paul's medical opinion was partially persuasive in supporting some limitations to Plaintiff's mental functioning but did not fully adopt them. (ECF No. 7 at 37). Plaintiff contends that the ALJ was obligated to discuss the supportability factor of this medical opinion and failed to do so. (ECF No. 12 at 2).

An ALJ's supportability analysis addresses whether a medical professional has sufficient justification for their own conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.); *accord Burke v. O'Malley*, No. 8:23-cv-415, 2024 U.S. Dist. LEXIS 48944, *8 (M.D. Fla. Mar. 20, 2024) ("Supportability addresses the extent to which a medical source or consultant has articulated record evidence bolstering her own opinion or finding."). A medical opinion will be considered "persuasive" if the relevant medical evidence and supporting explanations support the medical source's opinion. 20 C.F.R. § 404.1520c(c)(1). When evaluating this factor, an ALJ need not use the word "supportability" so long as the ALJ explains how it was considered in determining the persuasiveness of the opinion. *See Hardy v. Comm'r of Soc. Sec.*, No. 2:2–cv-4097-CMV-JLG,

4

2021 WL 4059310 at *2 (S.D. Ohio Sept. 7, 2021) (use of the words "supportability" and "consistency" is not required where the opinion sufficiently addressed both issues). Here, the ALJ sufficiently addressed the "supportability" factor despite Plaintiff's argument to the contrary, which stated:

> The ALJ may have addressed the consistency factor when evaluating Dr. Lyon-Paul's opinions by comparing her opinions with other medical and non-medical evidence of record – that is the definition of consistency. See 20 C.F.R. § 404.1520c(c)(2). The ALJ did not consider the level of support provided by Dr. Lyon-Paul in support of her opinions, or analyze that support in any way during the evaluation of Dr. Lyon-Paul's opinions – which is the definition of supportability.

(ECF No. 12 at 2–3). As a threshold matter, this objection was already raised and properly rejected in the R&R. (*See* ECF No. 11 at 25–27 ("Plaintiff contends that the ALJ only compared Nurse Lyon-Paul's opinions to 'other forms of evidence in the record' and did not address the supportability factor . . . . This contention is not well-taken."). "Generally, the Court would reject the objection because it is duplicative." *Brown*, 2017 WL 4712064, at *2. Nonetheless, because Plaintiff also argues the Magistrate erred in the R&R, this Court considers the issue *de novo*.

Upon review, this Court finds that the ALJ's analysis, including the "supportability analysis," is supported by substantial evidence. Plaintiff's Objection to the R&R that "the ALJ should have to actually address the support, or lack thereof, provided by each medical source, and explicitly discuss why that evidence, or lack thereof, meant that the opinion was well-supported or not," is therefore without merit. (ECF No. 12 at 3). The ALJ did in fact address the supporting explanations in Nurse Lyon-Paul's decision. For example, the ALJ declined to "adopt[] the severity of the limitations noted by the provider," because "the record supports the claimant was able to live independently and cohabitate with her husband during the relevant period." (ECF No. 7 at 38). And while the form completed by Nurse Lyon Paul "cited problems with temper and anger outbursts," the ALJ found that "the record does not support hostility, observed anger or

5

aggression, and the claimant was not involved in anger management nor was there any indication of police involvement or involvement with other authorities due to anger/mental symptomology during the period under adjudication." (*Id.*). The ALJ addressed the provider notes, which stated Plaintiff had "issues with focus," but also acknowledged that the "treatment notes documented intact concentration, attention, and memory." (*Id.*).

For all these reasons, this Court sees no clear error with respect to the Magistrate Judge's finding that the ALJ properly addressed the supportability in accordance with the applicable regulations. Accordingly, this Court **OVERRULES** Plaintiff's objection. (ECF No. 12).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection (ECF No. 12) to the Magistrate Judge's Report and Recommendation is **OVERRULED**; the Report and Recommendation (ECF No. 11) is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

**IT IS SO ORDERED.**

```
                                    _____
                                    ALGENON L. MARBLEY
                                    UNITED STATES DISTRICT JUDGE
```

**Dated: March 14, 2025**